UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

PALM SPRINGS MILE ASSOCIATES, LTD.,
a Florida limited partnership,

    Plaintiff,

vs.

UNITED HEALTHCARE SERVICES, INC.,
a Minnesota corporation,

    Defendant.
_____/

## COMPLAINT

PALM SPRINGS MILE ASSOCIATES, LTD. hereby sues UNITED HEALTHCARE SERVICES, INC., and alleges as follows:

### Introduction

1. This is an action for breach of a lease, seeking damages in excess of $75,000.00 and declaratory judgment pursuant to 28 U.S.C. § 2201.

### The Parties and Jurisdiction

2. Plaintiff PALM SPRINGS MILE ASSOCIATES, LTD. ("PSM or Landlord") is a Florida limited liability company, with its principal place of business in Miami-Dade County, Florida. Its partners are as follows:

    a. SL Florida LLC, a Florida limited liability company, whose members are Sheila Chess, who is domiciled in and a citizen of New York; Sheila Levine Irrevocable Grantor Trust, a traditional trust, whose trustee is Jordan Pilevsky, a citizen of New

   York; and Palm Mile Corp., a New York corporation with its principal place of business in New York;

b. Allen Pilevsky, who is domiciled in and a citizen of New York;

c. Palm Springs Mile GP LLC, a Delaware limited liability company, whose members are as follows:

   i. Philip Pilevsky, who is domiciled in and a citizen of New York;

   ii. PP Palm Springs Mile LLC, a Delaware limited liability company, whose sole member is Philip Pilevsky, who is domiciled in and a citizen of New York;

   iii. SIP Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

   a. SIP Hialeah Trust, a traditional trust, whose trustees are Michael T. Pilevsky, who is domiciled in and a citizen of New York; and Samantha J. Hoffman, who is domiciled in and a citizen of New Jersey; and

   b. SIP Descendants Hialeah Trust, a traditional trust, whose trustee is Seth Pilevsky, who is domiciled in and a citizen of New York;

   iv. SJH Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

   a. SJH Hialeah Trust, a traditional trust, whose trustees are Seth Pilevsky, who is domiciled in and a citizen of New

2

York; and Michael Pilevsky, who is domiciled in and a citizen of New York; and

b. SJH Descendants Hialeah Trust, a traditional trust, whose trustee is Samantha Hoffman, who is domiciled in and a citizen of New Jersey;

v. MTP Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

a. MTP Hialeah Trust, a traditional trust, whose trustee is Seth Pilevsky, who is domiciled in and a citizen of New York; and

b. MTP Descendants Hialeah Trust, a traditional trust, whose trustee is Michael Pilevsky, who is domiciled in and a citizen of New York;

vi. HSL Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

a. HSL Hialeah Trust, a traditional trust, whose trustees are Michael Pilevsky, who is domiciled in and of New York; and Josef Leifer, who is domiciled in and a citizen of New Jersey; and

b. HSL Descendants Hialeah Trust, a traditional trust, whose trustees are Heidi Leifer, who is domiciled in and a citizen of New Jersey; and Josef Leifer, who is domiciled in and a citizen of New Jersey;

      vii. Corinne Sprung, who is domiciled in and a citizen of New York;

      viii. Jordan Pilevsky, who is domiciled in and a citizen of New York;

      ix. Stephanie Pilevsky, who is domiciled in and a citizen of New York; and

      x. Joshua Levine, who is domiciled in and a citizen of New York.

3. On information and belief, Defendant UNITED HEALTHCARE SERVICES INC. ("Defendant" or "Tenant") is a Minnesota corporation with its principal place of business in Minnetonka, Minnesota.

4. This Court has jurisdiction under diversity principles pursuant to 28 U.S.C. §§ 1332. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2), where a substantial part of the events or omissions giving rise to the claim occurred, and where the payment being sought is due.

6. This Court has personal jurisdiction under Florida's long-arm statute. Defendant operates, conducts, engages in, and carries on a business or business venture in this state or has an office or agency in this state; has caused injury to persons or property within this state arising out of an act or omission by Defendant outside this state, while Defendant was engaged in solicitation or service activities within this state; and breached a contract in this state by failing to perform acts required by the contract to be performed in this state. Defendant regularly does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state. The activities of Defendant within the state are substantial and not isolated. In addition, this action arises out of transactions and operations

connected with and incidental to Defendant's business within the state and, specifically, the business relationship between Plaintiff and Defendant.

## GENERAL ALLEGATIONS

7. On or about December 21, 2015, Plaintiff, as Landlord, and Defendant, as Tenant, entered into a Lease for the Premises, as defined in the Lease, in the Palm Springs Mile Shopping Center located in Hialeah, Florida and owned by the Plaintiff.

8. Plaintiff attaches and incorporates the Lease, and the terms as defined therein, as Exhibit "1" hereto.

9. The Lease is for a term of years expiring on or about January 31, 2026. The total Rent and other charges for the remaining term of the Lease are in excess of $1,000,000.

10. The Tenant is a division of United Health Group, a publicly traded healthcare company with reported revenues in excess of $80 billion and a market value of more than $480 billion. It entered into the Lease for the purpose of operating a primary care clinic in the Premises.

### The Lease Provisions Requiring Use

11. The Lease specifically addressed this intended use and provided that the Tenant was required to use the Premises for the purpose of operation of a medical care facility. *See* Lease Art. 8.

12. The Lease contained detailed provisions, ensuring that the build out and opening of the Premises proceeded in a timely and appropriate manner. The Tenant was required to obtain permits and perform the necessary construction and other work (defined as "Tenant's Work"), subject to the Landlord's review and approval of the plans and other requirements of the Lease.

13. As well, the Lease specifically required that the Tenant "perform all Tenant's Work with reasonable dispatch," as well as with acceptable levels of quality and in accordance "with all Legal Requirements and any and all approvals [and] permits." Art. 7.04(b).

14. To ensure that the Tenant's Work was timely completed, Article 7.04(i) provided for a "Close Out" date, not later than "six (6) months after the date any permit for Tenant's Work is issued." That initial date was defined as the "First Close-Out Deadline." On or before that Deadline, the Tenant was required to provide a list of Close-Out Items (defined as the "Initial Close-Out Items"), including a certificate of occupancy "confirming that Tenant's Work is substantially complete" and evidence that all permits had "been completely closed."

15. In the event the Tenant failed to comply, the Lease included procedures for notice to be provided to the Tenant, and then imposed as Additional Rent the sum of $100 per day, "in addition to such other remedies as may be available to Landlord on account thereof."

16. In addition, the Lease imposed a Second Close-Out Deadline on the Tenant, by which it was required to provide a set of "Final Close-Out Items," including final lien waivers for all of the Tenant's Work. In the event the Tenant failed to comply with this Second Deadline, the Lease included procedures for further notice to the Tenant, and imposed a second Additional Rent charge of $100 per day.

## The Tenant Fails to Comply

17. The Tenant, however, failed to comply with these provisions. It never provided ANY of the required Close-Out-Items, never completed the Tenant's Work, and never used the Premises to operate a medical care center.

18. Instead, although the Tenant is in possession of the Premises, they remain vacant and unused, in breach of Article 8 of the Lease.

19. Notwithstanding the notice provided by the Landlord to the Tenant pursuant to Article 7.04(i), the Tenant has also failed to pay the Additional Rent that has accrued for its violations, in further breach of the Lease.

### The Tenant's Additional Defaults

20. Defendant has also breached the Lease by failing to pay Rent due pursuant to the Lease in the amount of $25,421.76 for September 2022, $25,421.76 for October 2022, and $3,532.86 in Rent for prior months. Defendant has also failed to pay insurance in the amount of $756.59.

21. Notwithstanding notice by the Landlord of these defaults, pursuant to the Lease, the Tenant has persisted in its failure to perform.

22. All conditions precedent to the filing of this action have been fulfilled, satisfied, waived, excused, or are futile.

23. This action does not waive the right of Plaintiff, which is expressly reserved, to seek eviction of Defendant, including in a separate legal action.

24. Plaintiff has retained the law firm of Coffey Burlington, P.L. and is obligated to pay the firm a reasonable fee.

### COUNT I
### (ACTION FOR PAST DUE RENTS)

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-24 above as if fully set forth herein, and further states as follows:

26. This is an action for damages arising out of Defendant's breach of the Lease.

27. Plaintiff and Defendant entered into the Lease as alleged above.

28. Defendant failed to pay, when due, certain rents and other charges pursuant to the Lease, and is therefore in default of the Lease.

29. Plaintiff made written demands upon Defendant for payment of the amounts due, but despite the demands, Defendant failed to pay.

30. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damage.

WHEREFORE, Plaintiff demands judgment against Defendant for the past-due amounts under the Lease, as well as for additional Rent and other charges that may continue to accrue, plus interest, costs, attorneys' fees, and such further relief as this Court deems just and proper.

## COUNT II
### (ACTION FOR FUTURE RENTS AND DAMAGES)

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-24 above as if fully set forth herein, and further states as follows:

32. This is an action for damages arising out of Defendant's breach of the Lease.

33. Plaintiff and Defendant entered into the Lease as alleged above.

34. Defendant failed to pay, when due, certain rents and other charges pursuant to the Lease, and is therefore in default of the Lease.

35. Defendant has also failed to build out the Premises, complete the Close-Out Items, open or use the Premises for the purpose of operation of a medical care facility, as required by the Lease, including Articles 7 and 8.

36. Plaintiff made written demands upon Defendant for payment of the amounts due and performance of its obligations under the Lease, but despite the demands, Defendant failed to pay the amounts or perform as required.

37.     Defendant, moreover, has advised that it will not comply with these obligations under the Lease, and has repudiated them.

38.     Accordingly, Plaintiff is entitled to any and all remedies available under the Lease, and "available at law or equity."  *See* Lease, Article 27.

39.     Based on Defendant's default and repudiation of its obligations under the Lease, Plaintiff is entitled to immediate payment of the balance of the future Rents and other charges for the full remaining term of the Lease, which are in excess of $1,000,000.  Plaintiff has declared and hereby reasserts the default and declares the full amount of the Rents and other charges for the remaining term of the Lease to now be due.

40.     Plaintiff has also suffered damages as a direct and proximate cause of the Defendant's breaches, including the lost value of the required build-out, and other damages suffered as a consequence of Defendant's failure to comply with the operation and use provisions in the Lease.

WHEREFORE, Plaintiff demands judgment against Defendant for the full amount of future Rents and charges under the Lease, consequential damages including the lost value of the required build out and other damages suffered as a consequence of Defendant's failure to comply with the operation and use provisions in the Lease, plus interest, costs, attorneys' fees, and such further relief as this Court deems just and proper.

### COUNT III
### (ACTION FOR SPECIFIC PERFORMANCE)

41.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-24 above as if fully set forth herein, and further states as follows:

42.     This is an action for damages arising out of Defendant's breach of the Lease.

43. Plaintiff and Defendant entered into the Lease as alleged above.

44. Defendant was obligated, but failed, to build out the Premises, complete the Close-Out Items, open or use the Premises for the purpose of operation of a medical care facility, as required by the Lease, including Articles 7 and 8.

45. Plaintiff made written demands upon Defendant for payment of the amounts due and performance of its obligations under the Lease, but despite the demands, Defendant failed to pay the amounts or perform as required.

46. Defendant, moreover, has advised that it will not comply with these obligations under the Lease, and has repudiated them.

47. Accordingly, Plaintiff is entitled to any and all remedies available under the Lease, and "available at law or equity." *See* Lease, Article 27.

48. As a direct and proximate result of Defendant's breaches, the Plaintiff has suffered injury.

49. Plaintiff lacks and adequate remedy at law, and is clearly entitled to specific performance, which justice requires.

WHEREFORE, Plaintiff demands judgment against Defendant (1) compelling Defendant to perform its obligations under the Lease, including the obligation to build out the Premises, complete the Close-Out Items, open and use the Premises for the purpose of operation of a medical care facility, as required by the Lease, (2) ordering Defendant to compensate Plaintiff for the delay in completing its obligations under the Lease, (3) awarding costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

Dated: October 14, 2022.

Respectfully submitted,

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

By: /s/ *Kevin C. Kaplan*
**Kevin C. Kaplan, Esq.**
Florida Bar No. 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida  33133
Telephone: (305) 858-2900
Facsimile:  (305) 858-5261

*Counsel for Plaintiff*